Correction page: *Gonzales v. Bustos*, No. 31872, VHnW, filed 5/29/12: Page 1, lines 18-23: Replaced counsel for Appellant from "Robert E. Tangora" to "Anthony G. Lopez and Stephen Durkovich"

This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MAXINE GONZALES and**
**RALPH GONZALES,**

    Petitioners-Appellees,

v.                                         **NO. 31,872**

**PHILLIP LAWRENCE BUSTOS,**

    Respondent-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Albert J. Mitchell Jr., District Judge**

Aaron & Aaron, P.C.
Scott Aaron
Albuquerque, NM

Wallin, Huss & Mendez, LLC
Brandon Huss
Dennis K. Wallin
Moriarty, NM

for Appellees

Anthony G. Lopez
Taos, NM

Law Office of Stephen G. Durkovich

Stephen G. Durkovich
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Appellant (Respondent) appeals from the district court's order granting summary judgment in favor of Appellees (Petitioners) and, thereby denying Respondent the right to recover wrongful death benefits for the death of his estranged son. We issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a response to our notice. Having duly considered his response, we are not persuaded that the district court erred. We, therefore, affirm.

In response to our notice, Respondent contends that our notice did not resolve the issue of whether New Mexico recognizes an alienation defense to abandonment, and the resulting extinguishment of the statutory right to recover wrongful death benefits awarded for the death of an estranged child. [MIO 2-3] Respondent contends that we first need to decide whether we recognize an alienation defense in New Mexico, and then we need to reverse summary judgment, because Respondent alleged sufficient facts support such a defense. [Id.] We disagree. As our notice described, Respondent did not allege any facts indicating that he ever attempted to assert any

2

legal right to his son or took any legal recourse in response to the alleged alienation or took any action whatsoever to maintain a parent/child relationship either before his son reached majority or after. [RP 451-52] Where Respondent has not demonstrated that he made any efforts whatsoever to preserve or establish the father/son relationship, Respondent has not alleged sufficient facts to support a claim that the alleged alienation was the cause of Respondent's failure to establish a parental role and the extinguishment of his right to recover. Respondent's theory of alienation also is undermined by the fact that neither he nor his son, Paul, established any contact with one another after Paul reached the age of majority. In the absence of a showing that the estranged parent made efforts to maintain a relationship with his or her child, efforts which were thwarted by the other parent's actions, we see no reason to determine whether alienation may be a defense.

Respondent also contends that this Court should not adopt "a sort of quality-of-relationship test" that the district court adopted in granting summary judgment in favor of Petitioners. [MIO 4-8] Respondent asserts that our notice proposes to extend the abandonment analysis in *Perry v. Williams*, 2003-NMCA-084, 133 N.M. 844, 70 P.3d 1283, beyond its proper limits. He also asserts that a different district court in New Mexico did not engage this type of quality-of-relationship test, and for these

reasons, we should proceed only with full briefing on the general calendar. Initially, we note that Respondent does not direct this Court to the whereabouts of the district court's ruling or attach the district court ruling to his response, and he does not provide this Court with any facts underlying the ruling. Also, we are not persuaded that our analysis extends *Perry* beyond its limits. As we observed in our notice, the parental obligations to which this Court referred in *Perry* were not defined as court-ordered child support payments; rather, we stated that the parent "is bound to support and educate [the child]," *Perry*, 2003-NMCA-084, ¶ 18, and parent has the "duty to care for and protect the child," *id.* ¶ 19 (internal quotation marks and citation omitted). There is no serious argument to be made that meeting the court-imposed obligation to pay $50 a month in child support payments satisfies any minimal view of the parental obligations described in *Perry*. In any event, because Respondent has not alleged that he had any relationship with his estranged son, we are not persuaded that our opinion relies on a quality-of-relationship test. For these reasons, we are not persuaded to reassign this case to the general calendar.

Lastly, Respondent continues to argue that the district court erred by granting summary judgment in favor of Petitioners. He again contends that he did not affirmatively abandon his son because he made all of the $50 child support payments ordered by court and because Petitioner Maxine Gonzales prohibited the father-son

relationship. [MIO 5-8] For the reasons set forth above and in our calendar notice, we are not persuaded.

We affirm the district court's order of summary judgment.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**